29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. O'CONNOR, Plaintiff-Appellant,
v.
U.S. ARMY CLAIMS SERVICE, Defendant-Appellee.
 No. 93-16865.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James L. O'Connor appeals pro se the district court's orders (1) granting the government's motion for summary judgment in O'Connor's action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 2671-80, and (2) denying O'Connor's two motions for reconsideration. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Summary Judgment
 
 
 4
 We review de novo the district court's summary judgment. See Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 5
 In an FTCA action, a federal court "must apply the law of the state in which the alleged act occurred." Harbeson v. Parke Davis, Inc., 746 F.2d 517, 521 (9th Cir.1984). Moreover, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under Hawaii law:
 
 
 6
 Collateral estoppel ... precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim between the same parties or their privies. Collateral estoppel also precludes relitigation of facts or issues previously determined when it is raised defensively by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue.
 
 
 7
 Marsland v. International Soc'y for Krishna Consciousness, 657 P.2d 1035, 1039 (Haw.1983) (per curiam) (citations omitted in original).
 
 
 8
 In his complaint, O'Connor alleged he was injured when a car driven by Tammy Strott, a soldier in the United States Army, collided with O'Connor's car. O'Connor claimed the United States was liable because Strott was wearing her Army uniform and was acting under orders at the time of the accident.
 
 
 9
 The government moved for summary judgment on the ground O'Connor's action was barred by the doctrine of collateral estoppel. The government submitted as evidence copies of (1) the complaint O'Connor filed in his state court negligence action against Strott and the owner of the car Strott had been driving, and (2) the jury's special verdict finding that Strott was not negligent. O'Connor failed to submit any relevant evidence in opposition.
 
 
 10
 The record thus shows that it is undisputed that O'Connor raised and litigated the issue of negligence in his state court action and that the issue was decided against him.[1] Thus, the district court did not err by determining that O'Connor's action was barred by collateral estoppel, see Marsland, 657 P.2d at 1039, and that the government was entitled to judgment as a matter of law, see Alaska Airlines, Inc., 948 F.2d at 539.
 
 
 11
 On appeal, O'Connor contends the district court's judgment should be reversed because the magistrate judge was biased against him. O'Connor apparently never requested that the magistrate judge recuse himself, see 28 U.S.C. Sec. 144, nor has he explained the basis of his contention on appeal. We conclude, therefore, that his contention is meritless.
 
 
 12
 O'Connor also contends the district court should have entered a default against the government because of misconduct by the government's counsel. This contention lacks merit.
 
 
 13
 As the government states in its answering brief, O'Connor essentially sought default as a sanction. The record shows that the magistrate judge reviewed O'Connor's motion for default and the government's opposition, including an affidavit submitted by the attorney whose conduct O'Connor challenged. The magistrate judge found no misconduct by the attorney and that, even if there had been misconduct, default against the United States was not warranted. O'Connor did not object to the magistrate judge's report and recommendation, which the district court adopted.
 
 
 14
 On appeal, O'Connor does not explain how the district court erred in denying his motion for default. Under the circumstances, we conclude the district court did not err by doing so.
 
 II
 Denial of Reconsideration
 
 15
 We review for abuse of discretion the district court's denial of O'Connor's motions for reconsideration. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), pet. for cert. filed, 62 U.S.L.W. 3775 (U.S. May 2, 1994) (No. 93-1769). We have reviewed both motions for reconsideration filed by O'Connor. O'Connor's first motion did not set forth any new evidence, point to any clear error made by the district court, or notify the court of any change in the law that required the district court to reconsider its summary judgment. See id. at 1263. O'Connor's second motion merely restated the arguments he raised in his first motion. Thus, whether viewed as motions filed under Fed.R.Civ.P. 59 or 60, see id. at 1262, the district court did not err by denying O'Connor's motions for reconsideration.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state court's amended notice of entry of final judgment, which was dated after the district court's summary judgment was entered, does not change our conclusion that the negligence issue was decided against O'Connor. The amended judgment restates the jury's finding that the other driver was not negligent